UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MARISSA S.,

Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 6:25-cv-01849-AR

OPINION AND ORDER

---

**ARMISTEAD, United States Magistrate Judge**

Plaintiff Marissa S. challenges the Administrative Law Judge's denial of her application for child's disability benefits based on errors in analyzing her subjective symptom testimony, her treating physicians' medical opinions, and her parents' lay witness testimony.[1] (Pl.'s Br. at 1-20, ECF 7; Pl.'s Reply at 1-10, ECF 10.) The Commissioner agrees that the ALJ erred but contends that the case should be remanded for further administrative proceedings because outstanding

---

[1] The ALJ found plaintiff disabled and entitled to supplemental security income as of July 20, 2022. (Tr. 18-23.) Plaintiff does not challenge that portion of the ALJ's decision.

issues need to be resolved and there is "serious doubt" whether plaintiff is disabled. (Def.'s Br. at 1-5, ECF 9.) Plaintiff argues that she satisfies the credit-as-true test and there is no utility in further proceedings because the Commissioner has failed to respond to her specific challenges to the ALJ's decision and remanding for an immediate payment of benefits is appropriate.[2] The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence. *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023). With that standard of review applied, the Commissioner's decision is REVERSED and REMANDED for an immediate calculation and award of benefits.

**(1) *Remedy.*** When a court determines that the ALJ has committed harmful legal error in denying benefits, the court may affirm, modify, or reverse the decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or an immediate award of benefits, the court conducts a three step "credit-as-true" analysis. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under that analysis, the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would have to find the claimant disabled on remand. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015); *Garrison*, 759 F.3d at 1020. Even if all three steps are satisfied, the court retains "flexibility" to

---

[2] To be entitled to child's insurance benefits under 42 U.S.C. § 402(d)(1)(B)(ii), a claimant must have a disability before age 22.

remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Step one is satisfied here because the parties agree that the ALJ committed harmful legal error. Turning to step two, the Commissioner argues that the record has not been fully developed and that evidentiary conflicts require further proceedings. (Def.'s Br. at 3-4, ECF 9.) The Commissioner argues that a conflict exists between one of plaintiff's providers, Cynthia Marske, D.O., and the state agency physicians' opinions regarding her lifting and reaching restrictions and her need to take a 20-minute break each hour. (*Id.* citing Tr. 64, 80, 2289.) Because the Commissioner fails to explain how resolving her lifting, reaching, and resting conflicts would serve a useful purpose here given plaintiff's disabling migraines, the court is unpersuaded.[3]

Medical evidence and plaintiff's testimony reveal longstanding intractable migraines dating back well before her alleged onset date of April 30, 2015, that would cause her to be absent more than two days per month. (Tr. 38-39, 22, 2281 (noting plaintiff's migraines began in April 2008), 2287-90.) For example, Dr. Austin, a treating provider throughout the relevant period, discussed that plaintiff's incapacitating migraine headaches with nausea and vomiting rendered her unable to attend high school in person, causing her to complete school online. (Tr. 719-20, 2281.) The record also shows that a 2009 surgically placed catheter for intravenous hydration therapy for her migraine headaches provided temporary improvement, but the catheter was later removed due to serious blood clotting complications. (Tr. 615, 714, 1366-67, 1382.) Dr.

[3] Even so, the ALJ remarked that the agency physicians who opined that plaintiff could lift and carry 50 pounds failed to account for her "lower extremity pain arising from her documented rheumatoid arthritis condition." (Tr. 20.) That resolved any potential conflict with Marske's opinion that plaintiff could lift and carry no more than 10 pounds occasionally.

Austin's treatment notes in 2012 reflect that plaintiff underwent endoscopic sinus surgeries to relieve pressure thought to be a migraine trigger, yet she continued to be "fragile with exacerbations of ill health." (Tr. 708-09.) And in 2015, Dr. Austin's treatment notes reflect that plaintiff was experiencing "daily headaches and migraines 2 to 3 times each week." (Tr. 687.)

As argued by plaintiff, resolving the Commissioner's identified potential conflicts would serve no useful purpose because the Commissioner's fails to identify any inconsistencies with Dr. Austin's opinion or plaintiff's testimony that she would be absent at least two times per month due to her persistent debilitating migraine headaches. In sum, no significant factual conflicts or "crucial questions" about plaintiff's migraine headaches need resolving and thus further proceedings are unnecessary. *Treichler*, 775 F.3d at 1105 (discussing that the inconsistencies in record must raise "crucial questions" about the extent of claimant's impairments, and whether all "essential factual issues" have been resolved).

Turning to step three, if plaintiff's testimony and that of Dr. Austin are credited as true, the ALJ would have to find her disabled on remand. At the hearing, plaintiff testified that before age 22, she was fired from a part-time position after her severe migraines caused her to call out of work at least twice a month and the vocational expert (VE) testified "if someone misses two days a month or more there's no work in the economy for them." (Tr. 38-39, 56-57.) And Dr. Austin's opinion and treatment notes confirm that plaintiff had intractable migraines that caused excessive absences throughout the relevant period. (Tr. 2281.) The Commissioner does not argue otherwise. (Def.'s Br. at 2-5.)

Instead, the Commissioner argues there is serious doubt whether plaintiff is in fact disabled and implores the court follow the "'ordinary remand rule' and remand for further

proceedings." (Def.'s Br. at 4-5, citing *Treichler*, 775 F.3d at 1107.) In support, the Commissioner highlights isolated medical records showing that plaintiff benefitted from physical therapy, medication eased her arthritis pain, she admitted to helping care for older family members, and that she appeared "in no acute distress" and "alert and oriented" at several medical appointments. (Def.'s Br. at 4-5 citing Tr. 1161, 749, 729, 1595, 1135, 1149.) The Commissioner's contention is frustrating.

Plaintiff challenged the alleged inconsistencies identified by the Commissioner in her opening brief. (*See, e.g.*, Pl.'s Br. at 11 (challenging ALJ's rejection of her testimony because she was "alert and fully oriented" because it does not speak to the frequency and intensity of her migraines), 12 (challenging ALJ's finding that medication and physical therapy mitigated her symptoms because relief was not sustained), 14 (challenging ALJ's finding about her caregiving duties, noting she requires her father's help 50 percent of the time).) Yet the Commissioner does not meaningfully confront plaintiff's assertions of error. By electing not to defend the ALJ's decision about her subjective symptom testimony, her physician's opinions, and her parents' lay witness testimony, the Commissioner has waived those arguments on appeal. *See, e.g.*, *Sara H. v. Comm'r Soc. Sec. Admin.*, 2:23-cv-649-CL, 2024 WL 3065903, at *5 (D. Or. June 20, 2024) ("In failing to respond to the merits of Plaintiff's claims, the Commissioner has waived those issues."); *Jeffrey C. v. Kijakazi*, 3:22-cv-79-SI, 2023 WL 4760603, at *3 (D. Or. July 26, 2023) ("The Government's failure to defend Plaintiff's allegations of error, however, is a concession of those alleged errors."). The Commissioner's attempt to repackage the ALJ's flawed reasoning as "serious doubts" is not well-taken. "The court will not undertake an analysis of plaintiff's arguments and the ALJ's provided rationales where the Commissioner has failed to do so.

Consequently, the court will not remand issues that the Commissioner has failed to respond to and thereby require plaintiff to re-litigate them." *Matthew Jacob C.*, 1:23-cv-00906-AR, 2024 WL 4100551, at *4 (D. Or. Sept. 6, 2024) (remanding for immediate payment of benefits where Commissioner failed to defend ALJ's decision, waiving arguments on appeal); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

At bottom, plaintiff satisfies the three-step credit-as-true test and record as whole creates no serious doubt that plaintiff is, in fact, disabled. The record is fully developed and remanding for further proceedings would serve no useful purpose. Accordingly, the court exercises its discretion to remand this case for an immediate calculation and award of benefits.

**CONCLUSION**

For the above reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for an immediate calculation and award of benefits.

ORDERED: November 20, 2026.

JEFF ARMISTEAD
United States Magistrate Judge